UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------X
FRANCES C. HOFF,

                                              14 Civ.
                Plaintiff,

    -against-                         COMPLAINT

METRO-NORTH COMMUTER RAILROAD,

                Defendant,
-----------------------------------------------------------------X

PLAINTIFF DEMANDS TRIAL BY JURY

       The Plaintiff, Frances C. Hoff, by and through her attorneys, Rome, Arata, Baxley & Stelly, LLC and Flynn & Wietzke, PC for her Complaint against the Defendant alleges:

       1.     Plaintiff, Frances C. Hoff, is an adult individual residing at 102 Keeler Avenue, Norwalk, Connecticut.

       2.     Defendant, Metro-North Commuter Railroad, its predecessors, subsidiaries, agents, servants and employees, at all times pertinent in the part, is a domestic corporation engaged in the business of a common carrier by railroad in interstate commerce. At all relevant times, the Defendant and/or Defendant's predecessors in interest was regularly and systematically conducting its business activities within the jurisdiction of this Court as a common carrier of interstate and intrastate commerce and was engaged in interstate commerce and transportation.

       3.     Defendant, its predecessors, subsidiaries, agents, servants and employees, at all times pertinent in the past maintained headquarters and principal places of business within the City of New York, and/or maintained sales offices within the City of New York and/or transacted business within the City of New York and throughout Connecticut.

4. At all times material herein and for some time prior thereto, Plaintiff was in the employ of the Defendant as a conductor in furtherance of the carrier's business of interstate commerce and transportation by railroad.

5. This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§51 et seq. (1908).

6. On or about September 26, 2013, Plaintiff was in the usual and customary performance of her duties as a conductor working for Defendant Metro-North Commuter Railroad in Stamford, Connecticut.

7. Following a power outage in the Northeast on the aforementioned date and outside of Plaintiff's existing job duties as a conductor, Plaintiff was forced by Defendant to work on a diesel locomotive for only the second time in her twenty-three (23) year career as a Metro-North Conductor.

8. While working in the Stamford, CT station preparing to return to Grand Central Station, New York, with no recent training whatsoever regarding mounting or dismounting a diesel engine, Plaintiff was forced by Defendant to work in an extremely rushed manner on this date.

9. Due to the hectic state of affairs on this date, Plaintiff performed a brake test with the assistance of her trainman and subsequently climbed off of the diesel locomotive and attempted to get down onto the platform while firmly holding onto the handrail, utilizing the railroad's 3-point contact rule.

10. While facing the locomotive and backing down onto the platform, Plaintiff reached with her foot to where she (after repeatedly judging this specific distance between the engine and the platform for years) understood that the platform should have been, but it wasn't

there. After loosening her grip on the handhold, Plaintiff suddenly felt as though she was "flying through the air", and Plaintiff fell several feet down onto the concrete platform, violently landing on her back.

11. Upon information and belief, the distance from the step to the platform exceeded the distance permitted under Federal Regulation.

12. Plaintiff's accident, injuries and damages as herein-described resulted from breaches of the duties owed by Defendant to Plaintiff under the Federal Employers' Liability Act (45 U.S.C. Sec. 51) as follows:

   a. In failing to provide Plaintiff with a safe place in which to work;

   b. In failing to provide Plaintiff with ongoing training and experience in working with diesel locomotives for use in emergency situations;

   c. In failing to provide safe equipment for the described work that Plaintiff was performing at the time of the accident complained of herein;

   d. In failing to inspect, maintain, find and warn Plaintiff of a dangerous condition;

   e. In that MNRR forced Plaintiff to work in unsafe working conditions with a diesel locomotive which she was not at all familiar with;

   f. In that MNRR required work to be performed in an unsafe manner, as the "step-down" on the diesel locomotive was way too high from the ground/platform level in the area Plaintiff was forced to dismount in;

   g. In failing to provide Plaintiff with a safe, alternative manner or method to perform the job duties to which she was assigned;

   h. In that MNRR required Plaintiff's work to be performed in an extremely rushed manner without sufficient, adequate, and/or proper time in which to safely perform such a task;

   i. In that MNRR failed to exercise due care and caution commensurate with the surrounding circumstances; and

   j. Other acts and/or omissions which will be demonstrated at the trial of this matter.

13. The injuries sustained by Plaintiff were caused solely and by the negligence of the Defendant, its agents, servants, and employees and/or its ostensible agents, servants, and/or employees and were in no way caused by any act or omission on the part of the Plaintiff.

## DAMAGES

14. As a result of the negligence, carelessness, recklessness and/or unlawful conduct of the Defendant, as more fully set forth above, Plaintiff was caused to suffer severe and permanent injuries, aggravation, acceleration and activation of any and all preexisting ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries she may have sustained, Plaintiff suffered injuries to her lumbar and cervical spine, <u>inter alia</u>, by reason of which she has suffered great physical pain (including surgery) and mental distress which she yet suffers and will continue to suffer into the future.

15. As a result of the negligence, carelessness, recklessness and/or unlawful conduct of the Defendant, as more fully set forth above, Plaintiff was obliged to expend significant sums of money in the past and may expend same into the future for medical care in order to effect a cure and/or a diminution of her injuries.

16. As a result of the negligence, carelessness, recklessness and/or unlawful conduct of the Defendant, as more fully set forth above, Plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

**WHEREFORE**, Plaintiff, Frances C. Hoff, demands judgment in her favor and against Defendant, Metro-North Commuter Railroad, in the sum of at least Two Hundred

Fifty Thousand ($250,000.00) DOLLARS, together with the costs and disbursements of this action.

Dated: December 16, 2014
       New York, New York

                              **Flynn & Wietzke, PC**

                              */s/ Marc Wietzke*

                              _____
                              Marc Wietzke, Esq.
                              1205 Franklin Avenue
                              Garden City, NY 11530
                              Telephone: (516) 877-1234
                              Facsimile: (516) 877-1177
                              E-mail:  Mwietzke@FELAattorney.com
                                            EFlecha@FELAattorney.com

                                  **AND**

                              **ROME, ARATA, BAXLEY & STELLY, L.L.C.**

                              C. Perrin Rome, III, Esq.
                              Blake G. Arata, Jr., Esq.
                              W. Chad Stelly, Esq.
                              650 Poydras Street, Suite 2017
                              New Orleans, Louisiana   70130
                              Telephone:  (504) 522-9980
                              Facsimile: (504) 522-9971
                              E-mail:  Prome@romearata.com